UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFFORD OWHOR,

    Plaintiff,

v.                                                                       Case No. 09-11257

PROVIDENCE HOSPITAL AND                HONORABLE AVERN COHN
MEDICAL CENTERS, INC.,

    Defendant.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc No. 63)**

I.

This is an employment discrimination case. Plaintiff Clifford Owhor ("Owhor") claimed that his former employer, Providence Hospital and Medical Centers, Inc. ("Providence") discriminated against him based on his race and national origin when he was terminated from his employment as a Physician's Assistant ("PA") for sleeping during a surgery. His discrimination claims were based on theories of disparate treatment and hostile work environment under state and federal law. Plaintiff also asserted a state law defamation claim. Providence filed a motion for summary judgment on all of his claims. Owhor filed a response and a motion for leave to amend the complaint to add a retaliation claim. The Court granted Providence's motion, denied Owhor's motion, and dismissed the case. See Memorandum and Order filed August 13, 2010 (Doc. No. 61).

Before the Court is Owhor's motion for reconsideration. Providence, at the Court's direction, filed a response. For the reasons that follow, the motion is DENIED.

II.

E.D. Mich LR 7.1(h)(3) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. Marketing Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997)(citing Webster's New World Dictionary 974 (3rd ed. 1988)).

III.

Owhor has not satisfied this standard. The motion for reconsideration contains essentially the same arguments considered and rejected in granting Providence's motion for summary judgment and denying Owhor's motion to amend. The Court fully explained why the evidence, viewed in a light most favorable to Owhor, failed to establish a genuine issue of material fact over whether Owhor was terminated because of his race or nationality or was defamed. Moreover, Owhor had not made out grounds for amending the complaint to add a retaliation claim.

SO ORDERED.

Dated: September 21, 2010        S/Avern Cohn
                                 AVERN COHN
                                 UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 21, 2010, by electronic and/or ordinary mail.

                                 S/Michael Williams
                                 Relief Case Manager, (313) 234-5160